IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JPH MEMPHIS, INC.** <br> **3700 Carew Tower** <br> **441 Vine Street** <br> **Cincinnati, Ohio 45202** <br><br> **Plaintiff,** <br><br> vs. <br><br> **SCHOTTENSTEIN REALTY CO.** <br> **888 Brickell Avenue** <br> **Miami, Florida 33131** <br><br> also serve <br><br> **SCHOTTENSTEIN REALTY CO.** <br> **c/o Jeffrey M. Schottentein,** <br> **Statutory Agent** <br> **888 Brickell Avenue, Suite 100** <br> **Miami, Florida 33131** <br><br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO. 1:13-cv-834 <br><br> Judge: _____ <br><br> **COMPLAINT FOR BREACH** <br> **OF CONTRACT** <br><br> **JURY DEMAND ENDORSED** <br> **HEREON** |

Now comes JPH Memphis, Inc., an Ohio corporation ("Plaintiff"), by and through counsel, and brings this action against Schottenstein Realty Co., a Florida corporation ("Defendant") and alleges as follows:

## PARTIES

1. At all times material, Plaintiff was and continues to be a corporation organized under the laws of the State of Ohio with its principal place of business located at 3700 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202.

2. At all times material, Defendant was and continues to be a corporation organized

1

under the laws of the State of Florida with its principal place of business located at 888 Brickell Avenue, Miami, Florida 33131.

## JURISDICTION AND VENUE

3. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. Venue in this district is proper as a substantial part of the events or omissions giving rise to the claims occurred therein.

## FACTUAL ALLEGATIONS

5. Plaintiff realleages and incorporates by reference as if fully rewritten the previous paragraphs in this Complaint.

6. JPH Inverness, Inc. f/n/a Jenjasco, Inc., a former Ohio corporation ("JPH Inverness") was in the business of acquiring, owning and investing in real estate or interests in real estate.

7. Defendant is in the business of property management.

8. In recognition of the time and efforts devoted by JPH Inverness in advising Defendant regarding the structuring of acquisitions and financing of various properties, on or about June 16, 1994, JPH Inverness entered into an agreement with Defendant (the "Agreement") pursuant to which Defendant agreed to pay JPH Inverness, as consulting fees (the "Fee"), equal to one half (1/2) of the management fees (the "Management Fees") received by "Schottenstein Realty Co., Jeffrey Schottenstein, or any entities affiliated with Jeffrey Schottenstein, acting as manager of any properties […] owned by Inverness Associates, Green Cove Associates [or] Shelby Associates" (the "Management Entities"). A true and accurate copy

of the Agreement is attached hereto as **Exhibit A**.

9. On August 14, 2008, JPH Inverness was voluntarily dissolved.

10. Upon the dissolution of JPH Inverness, the Agreement, by operation of law, reverted to Jeffrey P. Harris ("Harris").

11. Harris assigned the Agreement to Plaintiff effective August 14, 2008.

12. Shelby Associates, a limited partnership organized under the laws of the State of New York, is the sole owner of the real estate commonly known as Hickory Commons Shopping Center, which is located at Winchester Road, Memphis, Tennessee.

13. At all times material, Plaintiff relied and continues to rely on Defendant, the sole recipient of the Management Fees, to provide and disclose to Plaintiff the amount of the Management Fees received by Defendant and as a result of the amount of Plaintiff's share of the Management Fees for Shelby Associates pursuant to the Agreement.

14. Defendant, as the sole recipient of the Management Fees, had a duty to disclose the amount of Management Fees for Shelby Associates received by Defendant and to provide Plaintiff with a proper accounting of said Management Fees.

15. Defendant knew that Plaintiff relied on Defendant to properly and timely disclose the amount of Management Fees for Shelby Associates received by Defendant so that Plaintiff could determine whether Defendant complied with the terms of the Agreement and that absent Defendant's disclosure of the amount of said Management Fees, Plaintiff had no way to make such a determination.

16. Because the Agreement relates solely to the payment of the Fees based upon the Management Fees, disclosure of the amount received by Defendant for Shelby Associates so as to enable Plaintiff to determine compliance with the Agreement is material.

17. From June 16, 1996 to the date hereof, Defendant and/or the Management Entities received Management Fees in connection with the Management of Shelby Associates.

18. From June 16, 1994 until December 31, 2006, pursuant to the terms of the Agreement, Defendant paid Plaintiff's share of the Management Fees to Plaintiff in Cincinnati, Ohio for Shelby Associates, as well as the other entities under the Agreement,

19. On or about January 1, 2007, Defendant ceased paying Plaintiff's share of the Management Fees for Shelby Associates to Plaintiff.

20. From January 1, 2007 to September 30, 2013, Defendant and/or the Management Entities, received Management Fees in connection with Shelby Associates in the amount of, at least, $ 376,090.64 as shown in the year by year summary attached hereto as **Exhibit B**.

21. From January 1, 2007 to December, 31, 2012, despite Plaintiff's repeated requests and ultimately demands, Defendant did not provide Plaintiff with and concealed from Plaintiff the complete financial statements which included the proof of receipt by Defendant and/or the Management Entities of the Management Fees for Shelby Associates (the "Financial Statements").

22. Defendant has since January 1, 2013, provided Plaintiff with the complete Financial Statements for Shelby Associates and Plaintiff has demanded that Defendant pay Plaintiff the Fees based upon the Management Fees received by Defendant.

23. Despite proposals from Plaintiff for Defendant to pay the Fees, Defendant has refused to so which refusal now forms the basis of this Complaint.

24. Although Plaintiff demanded payment from Defendant of Plaintiff's share of the Management Fees, Defendant has failed to remit to Plaintiff its share of the withheld Management Fees from Shelby Associates.

4

1114.0001.24.12

25. As of September 30, 2013, Defendant owes Plaintiff the sum of $188,045.32, plus one half (1/2) of the Management Fees received after October 1, 2013, which corresponds to one half of the Management Fees received from Shelby Associates by Defendant and/or the Management Entities in connection with Shelby Associates.

26. Defendant has admitted in writing that Schottenstein Realty Co., the party to the Agreement, has received the Management Fees (as so designated on the Shelby Associates Financial Statements) for Shelby Associates.

## COUNT I - BREACH OF CONTRACT

27. Plaintiff realleges and incorporates by reference the allegations set forth in the previous paragraphs as if fully rewritten.

28. The Agreement required Defendant to pay Plaintiff one half of the Management Fees received by Defendant and/or the Management Entities.

29. From January 1, 2007 to September 30, 2013, Defendant and/or the Management Entities received Management Fees in connection with Shelby Associates in the amount of, at least, $376,090.64 as shown on the year by year summary attached as **Exhibit B**.

30. Pursuant to the Agreement, Plaintiff was entitled to the sum of $188,045.32, plus one half (1/2) of the Management Fees received from Shelby Associates after October 1, 2013, which corresponds to one half of the Management Fees received by Defendant and/or the Management Entities in connection with Shelby Associates.

31. Defendant has admitted receiving the Management Fees for Shelby Associates.

32. Despite admitting receipt of the Management Fees for Shelby Associates, Defendant materially breached the Agreement by failing to pay Plaintiff one half (1/2) of the Management Fees for Shelby Associates for the years from January 1, 2007 to September 30,

2013 in the amount of $185,645.32.

33. As a direct and proximate result of Defendant's breach, Plaintiff was injured in the amount of $188,045.32, plus one half (1/2) of the Management Fees received from Shelby Associates after October 1, 2013.

34. Accordingly, Plaintiff is entitled to payment of $188,045.32, plus one half (1/2) of the Management Fees received from Shelby Associates after October 1, 2013, plus interest thereon.

## COUNT 2 – FRAUDULENT CONCEALMENT

35. Plaintiff realleges and incorporates by reference the allegations set forth in the previous paragraphs as if fully rewritten.

36. At all times material, Plaintiff relied and continues to rely on Defendant, the sole recipient of the Management Fees, to provide and disclose to Plaintiff the amount of the Management Fees received by Defendant and as a result of the amount of Plaintiff's share of the Management Fees for Shelby Associates pursuant to the Agreement.

37. Defendant, as the sole recipient of the Management Fees, had a duty to disclose the amount of Management Fees for Shelby Associates received by Defendant and to provide Plaintiff with a proper accounting of said Management Fees.

38. Defendant knew that Plaintiff relied on Defendant to properly and timely disclose the amount of Management Fees for Shelby Associates received by Defendant so that Plaintiff could determine whether Defendant complied with the terms of the Agreement and that absent Defendant's disclosure of the amount of said Management Fees, Plaintiff had no way to make such a determination.

39. Because the Agreement relates solely to the payment of the Management Fees,

6

disclosure of the amount received by Defendant for Shelby Associates so as to enable Plaintiff to determine compliance with the Agreement is material.

40. Defendant's conduct in concealing from Plaintiff the complete Financial Statements of Shelby Associates to enable Plaintiff to determine that Defendant had breached the Agreement was willful, wanton and malicious, and Plaintiff justifiably relied on Defendant's disclosure of the complete Financial Statements, which are material to the Agreement,

41. Accordingly, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff JPH Memphis, Inc. requests judgment and relief as follows:

A. Judgment in favor of Plaintiff and against Defendant in the amount of $188,045.32, plus one half (1/2) of the Management Fees received from Shelby Associates after October 1, 2013, plus interest at statutory rate, plus fees, including reasonable attorneys' fees and costs of this action;

B. Judgment in favor of Plaintiff and against Defendant awarding Plaintiff punitive damages for Defendant's willful, wanton and malicious conduct in concealing from Plaintiff the complete Financial Statements of Shelby Associates; and

C. Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

1114.0001.24.12

Respectfully submitted,

STATMAN HARRIS & EYRICH, LLC

/s/ Alan J. Statman
Alan J. Statman (0012045)
Sylvie Derrien (0072579)
3700 Carew Tower
441 Vine Street
Phone: (513) 621-2666
Facsimile: (513) 621-4896
ajstatman@statmanharris.com
sderrien@statmanharris.com
*Attorneys for Plaintiff, JPH Memphis, Inc.*

1114.0001.24.12